DA 11-0334

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 60N

NANCIE NORDWICK,

      Petitioner, Appellee, and Cross-Appellant

    v.

WILLIAM FERNANDEZ,

      Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDR 2007-209
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brian J. Miller, Morrison, Motl & Sherwood, PLLP, Helena, Montana

      For Appellee:

      Katharine Donnelley, Attorney at Law, Helena, Montana

Submitted on Briefs:   February 22, 2012
Decided:   March 13, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant William Fernandez (Fernandez) appeals the District Court's order of dissolution with respect to the District Court's child support calculation, its valuation of equity in the marital home, and the District Court's alleged failure to enter a final parenting plan. Appellee Nancie L. Nordwick (Nordwick) cross-appeals the District Court's allocation of equity in the parties' marital home. We affirm.

¶3 Fernandez and Nordwick were married in Butte in 1995. They had two minor children during the marriage. The couple separated in 2007. Fernandez moved out of the parties' marital home at that time. Fernandez and Nordwick both previously worked as physicians. Various issues forced each of them out of their practices. Nordwick now performs locum tenens work for doctors in Washington and Wisconsin on a part-time basis. Fernandez works as a claim adjuster for an insurance company.

¶4 The parties conducted pretrial discovery as part of the dissolution proceedings. A petition filed by the Montana Department of Public Health and Human Services (Department) for emergency protective services for the children overshadowed much of the pretrial proceedings. The Department had placed the children with Nordwick during the pendency of the Dependent/Neglected (DN) proceedings. The District Court ultimately deferred a final disposition of the parenting plan until resolution of the DN case. The court

2

determined that it was in the children's best interests to continue the interim parenting plan until further order. The court directed Fernandez to pay $1,162 per month as child support.

¶5    The court noted that much of the marital estate had been depleted due to the dissolution proceedings and the parties' failures to continue their medical practices. The parties disputed responsibility for dissipation of the value of the marital home. The court determined that the house had been subject to a variety of damages and wear and tear. The court found that the marital home, at the time of trial, had a value of $225,000, less the $151,920 mortgage. The court divided equally the $73,080 in equity so that each party received credit for $36,540.

¶6    The court awarded the marital home to Fernandez. The court directed Fernandez to refinance the marital home to remove Nordwick's name from the mortgage. The court offset Nordwick's entitlement to one-half of the equity in the home based upon Nordwick's allocation to herself of the 2007 IRS refund of $26,760 and a $5,000 difference between the motor vehicles awarded to the parties. The court extinguished the remaining $4,780 in equity in the marital home owned by Nordwick based on what it found to be the "imprecise" nature of financial statements presented by Nordwick.

¶7    Finally, the District Court found that an MBNA CD worth $27,826 existed at the time of the parties' separation. Nordwick entirely had consumed this money. The court directed Nordwick to restore fully the money depleted from this account as it found the parties had established the account to fund their children's education. Fernandez appeals and Nordwick cross-appeals.

¶8 Fernandez argues on appeal that the District Court failed to establish a permanent parenting plan following the conclusion of the DN cases. We agree. We note, however, that a district court retains continuing jurisdiction of parenting plan matters. Section 40-4-219, MCA. Fernandez must ask the District Court to adopt a final parenting plan now that the DN cases have been resolved. This Court need not be involved.

¶9 Fernandez challenges the District Court's child support award based on his claim that it failed to account for a $13,500 malpractice insurance premium that he must pay each year as part of his work as a medical consultant. Fernandez further claims the District Court abused its discretion in failing to consider Nordwick's dissipation in the value of the marital home. He argues that the evidence indicates that Nordwick solely should have been responsible for the more than $30,000 in damages to the marital home. Nordwick counters that the District Court misconstrued the evidence regarding the MBNA CD and the parties' intent in establishing this account. She contends that the parties had not established this account to further their children's educations.

¶10 We review a district court's factual findings regarding distribution of a marital estate under an abuse of discretion standard. *Deschamps v. Deschamps*, 2009 MT 431, ¶ 12, 354 Mont. 94, 223 P.3d 324. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the briefs and record before us that substantial evidence supports the District Court's findings of fact with respect to Fernandez's child support obligations, the equity in the parties' marital home, and the parties' intent in

4

establishing the MBNA CD. The District Court correctly applied the applicable law to these findings.

¶11 We affirm the District Court's order with respect to the calculation of Fernandez's child support obligation and distribution of the equity in the parties' marital home. We further affirm the District Court with respect to its finding that the parties intended the MBNA CD to be used for the children's education. We dismiss that portion of Fernandez's appeal relating to the District Court's failure to adopt a final parenting plan. Fernandez may file a petition directly in District Court to address this issue.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ JIM RICE